UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KARLA HAMM                                              CIVIL ACTION NO. 14-cv-0936

VERSUS                                                  JUDGE HICKS

BUSINESS MANAGEMENT SERVICES, INC.                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Karla Hamm ("Plaintiff") represented by attorney Michael J. Vergis, filed suit in state court against a former employer for what she alleged were unpaid overtime wages. The case was removed to this court based on Plaintiff's invocation of federal law. After a scheduling order issued, attorney Vergis filed a motion to withdraw as counsel, citing his inability to contact his client and the lack of communication from her. Counsel mailed a copy of the motion to withdraw to Plaintiff's last known address.

The court issued an order (Doc. 14) that granted the motion to withdraw, strongly encouraged Plaintiff to retain new counsel, and allowed Plaintiff until January 5, 2015 to (1) enroll new counsel or (2) file a written statement that she intends to represent herself. The order warned: "Failure to take one of those steps prior to January 5, 2015 may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." The Clerk of Court mailed a copy of the order to Plaintiff at the address provided by counsel, and the mailed item has not been returned.

The January 5, 2015 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on her behalf. The court provided ample time for Plaintiff to secure new counsel or indicate her desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and defendant. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2015.

Mark L. Hornsby
U.S. Magistrate Judge